IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS RUPPEN,<br>          Plaintiff,<br><br>   vs.<br><br><br>BOWSER AUTOMOTIVE, INC.<br>          Defendant. | Civil Action No. 15-730<br>Chief Magistrate Judge Maureen P. Kelly<br><br>Re: ECF No. 3 |

## OPINION AND ORDER

**KELLY, Chief Magistrate Judge**

Plaintiff Thomas Ruppen ("Plaintiff") initiated this employment discrimination action via Complaint. ECF No. 1. In the Complaint, he asserts violations of the Americans with Disabilities Act ("ADA") and the Pennsylvania Human Relations Act ("PHRA"). Presently before the Court is a Motion to Dismiss the Complaint, ECF No. 3, filed by Defendant Bowser Automotive, Inc. ("Defendant"). For the reasons that follow, the Motion to Dismiss, ECF No. 3, is denied.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed his Complaint on June 3, 2015. ECF No. 1. Therein, he makes the following allegations. Plaintiff was employed by Defendant for 26 years, most recently as sales manager. Id. ¶ 9. In February 2013, Plaintiff was diagnosed with an aggressive form of cancer. Id. ¶ 10. Plaintiff received chemotherapy and radiation treatment for the cancer in the summer of 2013. Id. ¶ 10. During the summer, Plaintiff worked with only minor modifications to his schedule. Id. ¶ 11. By October 1, 2013, the treatments had concluded and Plaintiff was working full time. Id. ¶ 12.

On November 11, 2013, Gary Bowser, Sr., the owner of Defendant, ("Mr. Bowser") terminated Plaintiff's employment. Id. ¶ 12. In the course of the termination conversation, Mr. Bowser told Plaintiff that he looked terrible as a result of the effects of the cancer treatment. Id. Also in that conversation, Mr. Bowser informed Plaintiff that he would be welcome to return to work with Defendant when he got better. Id. Plaintiff subsequently informed Defendant that he was available to work, but Defendant has not rehired Plaintiff. Id. ¶ 13.

Plaintiff alleges that Defendant discriminated against him in violation of the ADA and the PHRA. Id. ¶ 14. Plaintiff brings two counts against Defendant: one count under the ADA and one under the PHRA. Id. ¶¶ 16-25.

On August 4, 2015, Defendant filed the instant Motion to Dismiss Plaintiff's Complaint and a Brief in support. ECF Nos. 3, 4. On August 25, 2015, Plaintiff filed a Brief in opposition to the Motion to Dismiss. ECF No. 9. On September 8, 2015, Defendant filed a Reply Brief in support of the Motion to Dismiss. ECF No. 10. The Motion to Dismiss is now ripe for review.

## II. STANDARD OF REVIEW

As the United States Supreme Court explained in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), a complaint may properly be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570. In assessing the merits of a claim subject to a motion to dismiss, a court must accept all alleged facts as true and draw all inferences gleaned therefrom in the light most favorable to the non-moving party. Phillips v. County of Allegheny, 515 F. 3d 224, 228 (3d Cir. 2008) (citing Worldcom, Inc. v. Graphnet, Inc., 343 F. 3d 651, 653 (3d Cir. 2003)). A pleading party need not establish the elements of a *prima facie* case at this stage; the party must only "put

forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" Fowler v. UPMC Shadyside, 578 F. 3d 203, 213 (3d Cir. 2009) (quoting Graff v. Subbiah Cardiology Associates, Ltd., 2008 WL 2312671 (W.D. Pa. June 4, 2008)).

## III. DISCUSSION

### A. Count I: The ADA

#### 1. Relevant Definitions

The ADA defines "disability," with respect to an individual as:

> (A) a physical or mental impairment that substantially limits one or more major life activities of such individual;
> (B) a record of such an impairment; or
> (C) being regarded as having such an impairment (as described in paragraph (3)).
>
> . . .
>
> (3) Regarded as having such an impairment. For purposes of paragraph (1)(C):
> (A) An individual meets the requirement of "being regarded as having such an impairment" if the individual establishes that he or she has been subjected to an action prohibited under this Act because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity.
> (B) Paragraph (1)(C) shall not apply to impairments that are transitory and minor. A transitory impairment is an impairment with an actual or expected duration of 6 months or less.

42 U.S.C. § 12102(1)(A-C), (3)(A-B).

#### 2. Impairment

Defendant first asserts that Plaintiff has failed to allege that he has an impairment as defined by 42 U.S.C. § 12102(1)(A). ECF No. 4 at 9-13. The Court need not examine this issue because, in his Brief in Opposition to the Motion to Dismiss, Plaintiff makes clear that he is not claiming to have a disability under 42 U.S.C. § 12102(1)(A); rather, he is claiming that he was

3

perceived as having such an impairment, as set forth in 42 U.S.C. § 12102(1)(C) and 42 U.S.C. § 12102(3). ECF No. 9 at 3.

### 3. Regarded as Having an Impairment

#### a. Lack of Causal Relationship

Defendant next asserts that Plaintiff fails to plausibly establish that he was regarded as having an impairment because Plaintiff fails to specifically allege that his termination was causally related to Defendant's perception of Plaintiff's cancer-related impairment. ECF No. 4 at 14-15. This argument is wholly unpersuasive. Accepting the allegations of the Complaint as true and drawing all inferences therefrom in the light most favorable to Plaintiff, as the standard of review requires, the Court has little difficulty finding a causal relationship between Plaintiff's cancer-related impairment and his termination. Mr. Bowser specifically referenced the effects of the cancer treatment when terminating Plaintiff and Mr. Bowser told Plaintiff he could return to work when his health improved.

#### b. Transitory Nature of Impairment

Defendant also asserts that Plaintiff fails to plausibly establish that he was regarded as having an impairment because the allegations in the Complaint establish that Plaintiff's cancer-related impairment lasted less than six months, thus it was "transitory and minor" as set forth in 42 U.S.C. § 12102(3)(B). ECF No. 4 at 16-17. Defendant bases this time calculation on: (1) its approximation of Plaintiff's "summer of 2013" commencement of treatment as June 2013; and (2) the conclusion date of the treatment of October 2013. Id. at 17. Although Plaintiff alleged that he was diagnosed with cancer in February 2013, ECF No. 1 ¶ 10, Defendant asserts that Plaintiff's "impairment was only symptomatic and discernable to Defendant (by virtue of the

4

'minor modification' to his work schedule need to accommodate his treatments)" beginning in June 2013. ECF No. 4 at 17. At this early stage of the litigation and in the absence of discovery related to Plaintiff's claims, it would be premature to rely on Defendant's fact-based calculations. The Motion to Dismiss is denied as to Count I.

### B. Count II: The PHRA

#### 1. Relevant Definitions

The PHRA prohibits discrimination by an employer on the basis of, *inter alia*, one's non-job related handicap or disability. 43 PA. STAT. § 955(a). The following definitions under the PHRA are relevant:

> The term "HANDICAP OR DISABILITY," with respect to a person, means:
>
> (1) a physical or mental impairment which substantially limits one or more of such person's major life activities;
> (2) a record of having such an impairment; or
> (3) being regarded as having such an impairment, but such term does not include current, illegal use of or addiction to a controlled substance . . ..

43 PA. STAT. § 954(p.1)(1-3).

Further, the relevant regulations define a "handicapped or disabled person" as follows:

> (i) A person who has or is one of the following:
>   (A) A physical or mental impairment which substantially limits one or more major life activities.
>   (B) A record of an impairment.
>   (C) Regarded as having an impairment.
>
> (ii) As used in subparagraph (i), the phrase:
>   (A) "Physical or mental impairment" means a physiological disorder or condition, cosmetic disfigurement or anatomical loss affecting one or more of the following body systems: neurological; musculoskeletal; special sense organs; respiratory, including speech organs; cardiovascular; reproductive; digestive; genitourinary; hemic

5

and lymphatic; skin, and endocrine or a mental or psychological disorder, such as mental illness, and specific learning disabilities.
(B) "Major life activities" means functions such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and working.
(C) "Has a record of such an impairment" means has a history of or has been misclassified as having a mental or physical impairment that substantially limits one or more major life activities.
(D) "Is regarded as having an impairment" means has a physical or mental impairment that does not substantially limit major life activities but that is treated by an employer or owner, operator or provider of a public accommodation as constituting a limitation; has a physical or mental impairment that substantially limits major life activities only as a result of the attitudes of others toward the impairment; or has none of the impairments defined in subparagraph (i)(A) but is treated by an employer or owner, operator or provider of a public accommodation as having an impairment.

16 PA. CODE § 44.4.

### 2. Impairment

Defendant first asserts that Plaintiff has failed to allege that he has an impairment as defined by the PHRA. ECF No. 4 at 17-18. The Court need not examine this issue because, in his Brief in Opposition to the Motion to Dismiss, Plaintiff makes clear that he is not claiming that he had an actual impairment; rather, he is claiming that he was regarded as having such an impairment. ECF No. 9 at 5-6.

### 3. Regarded as Having an Impairment

Defendant next asserts that Plaintiff fails "to identify the major life activity Defendant purportedly 'regarded as' being substantially limited by his cancer impairment." ECF No. 5 at 19-20.[1] Plaintiff responds by citing allegations that Defendant perceived that Plaintiff was unable to work as a result of his cancer. ECF No. 9 at 6 (citing ECF No. 1 ¶¶ 11-12).

---

1 Page 20 of ECF No. 4 was added via Errata. ECF No. 5.

Plaintiff's allegations that Mr. Bowser specifically referenced the effects of the cancer treatment when terminating Plaintiff and that Mr. Bowser told Plaintiff he could return to work when his health improved are sufficient to establish a plausible claim that Defendant perceived that Plaintiff was unable to work as a result of his cancer. The Motion to Dismiss is denied as to Count II.

IV. **CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss, ECF No. 3, is denied.

**ORDER**

AND NOW, this 16th day of September, 2015, IT IS HEREBY ORDER that the Motion to Dismiss filed by Defendant Bowser Automotive, Inc., ECF No. 3, is DENIED.

/s/ Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: All Counsel of Record Via CM-ECF